UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| LARRY MASON ET AL., | : | |
| --- | --- | --- |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:07-cv-00287 (VLB) |
| JOHN BARBIERI ET AL., | : | |
| Defendants. | : | March 20, 2008 |

## MEMORANDUM OF DECISION GRANTING DEFENDANTS' MOTIONS TO DISMISS [Docs. #24, 25, 40]

This case concerns the October 2006 arrests of approximately 245 individuals by Connecticut state marshals on charges of failure to pay child support. The plaintiffs, Larry Mason and Modesto Rodriguez, filed this action on behalf of all of the arrestees, claiming that the marshals received assistance in performing the arrests from two civilians who held themselves out as marshals but were not actually marshals. In the plaintiffs' view, the civilians' participation in the arrests constituted a violation of the Fourth Amendment prohibition against unreasonable search and seizure.

The list of defendants consists of the two civilians, four marshals, two officials with the Connecticut State Marshal Commission, and four officials with the child support enforcement arm of the State of Connecticut Judicial Branch. The plaintiff's complaint states three causes of action for violations of 42 U.S.C. § 1983; article 1, §§ 7 and 9, of the Connecticut state constitution; and the common law tort of fraudulent misrepresentation. The defendants have filed

motions to dismiss on the ground of lack of standing, inter alia. Because the Court concludes that the plaintiffs lack standing, the defendants' motions are GRANTED as to the § 1983 claim, and the remaining state law claims are DISMISSED without prejudice to refiling in state court.

"On a motion to dismiss for lack of standing, [the Court] presume[s] the general factual allegations embrace those facts necessary to support the claim . . . and [the Court is] constrained not only to accept the truth of the plaintiffs' jurisdictional allegations, but also to construe all reasonable inferences to be drawn from those allegations in [the] plaintiffs' favor. . . . A party bringing suit in federal court must establish standing to sue, that is, that the plaintiff is entitled to have a federal court decide the merits of his case." Brooklyn Legal Services Corp. v. Legal Services Corp., 462 F.3d 219, 226 (2d Cir. 2006).

"[T]he irreducible constitutional minimum of standing contains three elements: (1) there must be an injury in fact — an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Port Washington Teachers' Ass'n v. Board of Education, 478 F.3d 494, 498 (2d Cir. 2007).

In the present case, the defendants focus on the first element of standing, arguing that the plaintiffs have failed to allege an injury in fact. The plaintiffs

2

argue that the injury they suffered was to have been arrested by marshals who were accompanied and assisted by civilians. The plaintiffs contend that the participation and assistance of civilians renders the plaintiffs' seizure unreasonable, but they are unable to cite any authority in support of that contention. The plaintiffs cite only the same authorities as the defendants cite, namely, cases involving searches that were claimed to have been unreasonable. The United States Court of Appeals for the First Circuit helpfully summarized those cases in <u>Bellville v. Town of Northboro</u>, 375 F.3d 25 (1st Cir. 2004).

"Federal constitutional law does not proscribe the use of civilians in searches. In fact, Congress has explicitly authorized the practice, see 18 U.S.C. § 3105 ('A search warrant may in all cases be served by any of the officers mentioned in its direction . . . , but by no other person, except in aid of the officer on his requiring it, he being present and acting in its execution.'), and courts have repeatedly upheld the practice. See, e.g., <u>Bills v. Aseltine</u>, 958 F.2d 697, 706 (6th Cir. 1992) ('Police may constitutionally call upon private citizens to assist them, and where assistance is rendered in aid of a warrant . . . the bounds of reasonableness have not been overstepped.'); <u>United States v. Clouston</u>, 623 F.2d 485, 486-87 (6th Cir. 1980) (upholding search in which federal agents brought telephone company employees with them on a search to identify stolen property). Courts have articulated guidelines for evaluating police involvement of citizens in searches under the Fourth Amendment's reasonableness standard. The civilian must have been serving a legitimate investigative function. It is

3

impermissible, for example, for a civilian to "ride along" with officers in furtherance of his own private interest. See [Wilson v. Layne, 526 U.S. 603, 613-14, 119 S. Ct. 1692 (1999)] (holding that officers violated a defendant's Fourth Amendment rights by inviting a news crew along on a search); Buonocore v. Harris, 65 F.3d 347, 356 (4th Cir. 1995) ('[W]e have no doubt that the Fourth Amendment prohibits government agents from allowing a search warrant to be used to facilitate a private individual's independent search of another's home for items unrelated to those specified in the warrant. Such a search is not reasonable.'); Bills, 958 F.2d at 702 (suppressing evidence discovered by a security guard who 'was present, not in aid of the officers or their mission, but for his own purposes involving the recovery of . . . property not mentioned in any warrant')." Bellville, 375 F.3d at 32-33. See also State v. Cosgrove, 181 Conn. 562, 589-90 (1980) (determining that seizure of evidence was proper even though police officers from a different jurisdiction participated in the seizure).

In the present case, taking the facts as alleged in the complaint, the civilians assisted the marshals in arresting the plaintiffs. The complaint does not allege that the civilians accompanied the marshals for any purpose other than to assist with the arrests. Under Bellville and the cases cited therein, civilian assistance that is tied directly to a valid warrant constitutes a legitimate investigative function and does not violate the Fourth Amendment. The plaintiffs have accordingly failed to establish an injury in fact.

The defendants' motions to dismiss [Docs. #24, 25, 40] are GRANTED as to

4

the plaintiffs' claim under § 1983, and the state law claims are DISMISSED without prejudice to refiling in state court. The Clerk is directed to CLOSE this case.

           IT IS SO ORDERED.

           _____/s/_____
           Vanessa L. Bryant
           United States District Judge

Dated at Hartford, Connecticut: March 20, 2008.